UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIGITALDESK, INC., and<br>R. GREG GOMM, § § § | | |
| *Plaintiffs*, § | Case No. __5:23-CV-00886__ | |
| § | | |
| v. § | | |
| § | | |
| BEXAR COUNTY, and<br>LIFTFUND INC., § § § | | |
| *Defendants*. § | | |

## VERIFIED COMPLAINT

Plaintiffs state their verified complaint against Defendants as follows:

### INTRODUCTION

1. The Bexar County Small Business Assistance Program, funded and operated by Defendants, "picks winners and losers based on the color of their skin." *Students for Fair Admissions, Inc. v. Harvard,* No. 20-1199, Slip. Op. at 38 (June 29, 2023). This is forbidden. The United States Constitution demands the "absolute equality of all citizens of the United States politically and civilly before their own laws." *Id.* at 10 (2023) (quoting the Congressional record). "The law in the States shall be the same for the black as [it is] for the white." *Id.* (quoting *Strauder v. W. Virginia,* 100 U.S. 303, 307–309 (1879)). In other words, the "equal protection clause requires equality of treatment before the law for all persons without regard to race or color." *Id.* at 13 (quoting *Browder v. Gayle,* 142 F. Supp. 707, 715 (M.D. Ala. 1956)).

2. Plaintiffs are a white male and his software company. They applied for assistance under Defendants' grant program, but because of a "scoring methodology" that gave preferences based on race and gender, Plaintiffs' application was put at the back of the line. Their application was denied.

3. Defendants' treatment of Plaintiffs is unconstitutional and illegal under federal law. In fact, Defendants' scoring methodology is similar to a race-based preference scheme used in the Small Business Administration's Restaurant Revitalization Fund, which was struck down in 2021. *See Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021). For the same reasons explained in that decision, Defendants here violated Plaintiffs' constitutional and statutory rights by imposing an illegal race-based scoring methodology.

## PARTIES

4. Plaintiff DigitalDesk, Inc. is a software company based in San Antonio, Texas, that creates and sells educational software. DigitalDesk's goal is to ensure that educators have access to the best learning tools available. The company's educational software, which includes in-person and remote learning features, powerful analytics, and a comprehensive assessments platform, is used by higher educational institutions around the country.

5. Plaintiff R. Greg Gomm is the President and Founder of DigitalDesk. He resides in Bexar County, Texas. He founded DigitalDesk in 2011.

6. Defendant Bexar County is a political subdivision of the State of Texas and is a person for the purposes of 42 U.S.C. § 1983. Bexar County is responsible for

the policies, customs, practices, and procedures of the Bexar County Small Business Assistance Program. The employees who operate and developed the Bexar County Small Business Assistance Program did so with the authority and approval of Bexar County.

7. Defendant LiftFund Inc. is a non-profit Community Development Financial Institution and Community Development Corporation that offers small business loans and technical support to small businesses. LiftFund is a Texas corporation and operates in San Antonio, Texas, among other locations. LiftFund administers the Bexar County Small Business Assistance Program on behalf of, and with the approval of, Bexar County.

## JURISDICTION AND VENUE

8. Jurisdiction may be exercised by this Court under 28 U.S.C. § 1331 because the claims in this complaint arise under the Constitution and laws of the United States.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

10. On January 3, 2023, Bexar County began accepting applications for the Bexar County Small Business Assistance Program. The purpose of the Program is to provide grants from between $10,000 to $50,000 to small businesses impacted by the pandemic. The funds must be used for business-related expenses, including payroll,

working capital, business rent, supplies, equipment, and other operating costs. *See* Exhibit 1 (screenshots from Bexar County's website from July 5, 2023).

11. LiftFund administers and operates the fund on behalf of Bexar County.

12. The Program is funded with $10 million from the American Rescue Plan Act of 2021.

13. Plaintiffs applied for a grant on January 6, 2023. LiftFund acknowledged Plaintiffs' application with an email. Exhibit 2.

14. Plaintiffs' application demonstrated eligibility for a grant as follows: (1) DigitalDesk employs fewer than 500 employees and meets the Small Business Administration standard for small business; (2) DigitalDesk does not conduct a prohibited activity, as defined by the Program requirements; (3) DigitalDesk has annual gross sales between $10,000 and $3 million; (4) DigitalDesk's gross sales in either 2020 or 2021 were less than gross sales in 2019; (5) DigitalDesk operated prior to January 1, 2020, with documented financials in 2019; (6) DigitalDesk is currently in operation; (7) DigitalDesk has not filed for bankruptcy; (8) DigitalDesk is in good standing with the Texas Comptroller's Office; (9) DigitalDesk is located within Bexar County limits; (10) DigitalDesk does not operate within any prohibited category of business, as determined by the Program; and (11) Plaintiff Gomm is a majority owner of the business.

15. Plaintiffs provided all the documents required for the application, including a current driver's license, corporate documents, tax returns, bank statements, and business utility bills.

16. In all respects, Plaintiffs submitted a complete application demonstrating eligibility for a grant under the program.

17. Based on financials provided, Plaintiffs were eligible for a grant of $50,000.

18. Because the Program was funded with only $10 million, Bexar County anticipated that there would be more applicants than funds available. Bexar County created a "scoring methodology" to prioritize grant applications. Under the methodology, eligible applicants with higher scores would be funded before eligible applicants with lower scores. Some applicants, despite being otherwise eligible, would not receive a grant because of their relatively low score under the "scoring methodology." As explained on their website, "Applications will not be considered on a first come, first served basis. Applications with the highest score based on the methodology below will be considered and funded first."

19. The "scoring methodology," used and approved by Bexar County and implemented by LiftFund, contained race-based and sex-based qualifications. Below is an accurate screenshot of the "scoring methodology," taken from the Bexar County Small Business Assistance Program website:

**Scoring Methodology**

Applications will not be considered on a first come, first served basis. Applications with the highest score based on the methodology below will be considered and funded first.

| Ownership | 18 Max Points |
|---|---|
| Veteran Owned | 6 |
| Women Owned | 6 |
| Minority Owned | 6 |

| Geography | 12 Max Points |
|---|---|
| Located in Unincorporated/Suburban City Business Location | 12 |
| Not Located in Unincorporated/Suburban City Business Location | 0 |

20. According to the "scoring methodology," applicants owned by minorities would receive more points than those businesses not owned by minorities.

21. Plaintiffs were not entitled to any points for the categories of "minority owned" because Gomm is white, or any points for "women owned" because Gomm is a man.

22. On May 30, 2023, counsel for Plaintiffs wrote a letter to Defendants explaining that their "scoring methodology," which used racial classifications, was unconstitutional or otherwise illegal under federal law. Exhibit 3. Plaintiffs specifically informed Defendants that a similar race-based priority methodology—also used to distribute funds from the American Rescue Plan Act of 2021—was struck

down by the Sixth Circuit Court of Appeals. *See Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021).

23. Defendants did not respond in any way to Plaintiffs' letter.

24. On June 21, 2023, Plaintiffs received the email below. According to the email, Plaintiffs' grant application was denied. The email confirms that the "scoring methodology" was used in determining which applicants received a grant. Also attached hereto as Exhibit 4.[1]



---

[1] The letter is addressed to "Robert" because Plaintiff R. Greg Gomm's first legal name is Robert.

## COUNT I: VIOLATION OF SECTION 1983

25. Plaintiffs reallege and incorporate the allegations above.

26. Defendant Bexar County is a person who, under the color of any statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Plaintiffs to the deprivation of the rights, privileges, or immunities secured by the Constitution and the laws of the United States.

27. By implementing and administering the Program, Defendant LiftFund acted under the color of law, conspired with Bexar County, acted in concert with Bexar County, and otherwise was a willful participant in a joint activity with Bexar County. In other words, Defendant LiftFund's actions, as alleged above, are "fairly attributable" to Bexar County, thereby making Defendant LiftFund a "person" for purposes of Section 1983 and liable under that statute. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

28. By employing a racial preference, Defendants violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment.

29. When the government distributes burdens or benefits on the basis of individual racial classifications, that action is reviewed under strict scrutiny. *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007). Defendants must justify the racial preferences by demonstrating that the preference is narrowly tailored to achieve a compelling government interest. *Id.*

30. Defendants cannot justify the racial preferences under the applicable standards, making these preferences unconstitutional and therefore a violation of 42 U.S.C. § 1983.

31. Defendants' scoring methodology also includes an illegal gender-based preference, which is similarly illegal under *United States v. Virginia*, 518 U.S. 515 (1996).

32. Defendants are therefore liable to Plaintiffs for violations of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

## COUNT II: VIOLATION OF SECTION 1981

33. Plaintiffs reallege and incorporate the allegations above.

34. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The term "make and enforce contracts" includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

35. The rights protected in Section 1981 "are protected against impairment by nongovernmental discrimination and impairment under color of state law." 42 U.S.C. § 1981(c).

36. Section 1981 prohibits racial discrimination in the making and enforcing of contracts and applies equally to all races. *McDonald v. Santa Fe Trail Transp. Co*, 427 U.S. 273 (1976).

37. The grants offered by the Bexar County Small Business Assistance Program, and the attending documents and agreements, constitute a contract or a contractual relationship governed by Section 1981.

38. By imposing a racial preference in the program, Defendants impaired or otherwise interfered with Plaintiffs' rights under Section 1981.

## COUNT III: VIOLATION OF SECTION 1985

39. Plaintiffs reallege and incorporate the allegations above.

40. Defendants, by agreeing and implementing the racial preferences in the Program, conspired to deprive, either directly or indirectly, Plaintiffs' right to the equal protection of the laws. 42 U.S.C. § 1985(3).

41. Defendants' conspiracy to violate Plaintiffs' equal protection rights involved multiple acts done in further of the object, including the creation and implementation of the "scoring methodology."

42. Defendants' imposition of the "scoring methodology" injured Plaintiffs and deprived them of the equal protection of the laws.

43. By choosing to benefit certain races over other races, Defendants' actions in implementing the "scoring methodology" constitutes a racial animus towards disfavored racial groups, including Plaintiffs. "The conspiracy, in other words, … aim[s] at a deprivation of the equal enjoyment of rights secured by the law to all." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

## REQUEST FOR RELIEF

Plaintiffs therefore request the following relief:

A. Declare that Defendants have violated Plaintiffs' equal-protection rights under 42 U.S.C. §§ 1981, 1983, & 1985;

B. Permanently enjoin Defendants from violating Plaintiffs' equal-protection rights;

C. Award damages, both compensatory and punitive, to Plaintiffs;

D. Award Plaintiffs their attorney fees under 42 U.S.C. § 1988 or otherwise as permitted by federal law; and

E. Award costs and all other relief as determined appropriate by this Court.

Dated: July 17, 2023

*s/ Fernando M. Bustos*
Fernando M. Bustos (SBN: 24001819)
Bustos Law Firm, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79408
Telephone (806) 780-3976
Facsimile: (806) 780-3800
fbustos@bustoslawfirm.com

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

Richard M. Esenberg (WI Bar No. 1005622)*
Daniel P. Lennington (WI Bar No. 1088694)*
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Dan@will-law.org
*Pro Hac Vice Pending*

*Attorneys for Plaintiffs*

## VERIFICATION

1. I am a Plaintiff in this case, and the President and Founder of DigitalDesk, Inc.

2. I have personal knowledge of myself, my intentions, and DigitalDesk and its activities, as set out in the foregoing Verified Complaint. If called upon to testify, I would competently testify as to the matters relevant to me and my claims.

3. I verify and declare under the laws of the United States and the penalties of perjury that the factual statements in the Verified Complaint concerning myself, my activities, my intentions, and DigitalDesk are true and correct.

Dated:  July 12, 2023

R. Greg Gomm
President and Founder
DigitalDesk, Inc.