**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DIGITALDESK, INC. AND R. GREG GOMM,<br><br>Plaintiff(s),<br><br>v.<br><br>BEXAR COUNTY, TEXAS AND LIFTFUND INC.<br><br>Defendant(s). | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:23-CV-00886-JKP |

**DEFENDANTS BEXAR COUNTY, TEXAS' AND LIFTFUND INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

Defendants Bexar County, Texas ("Bexar County") and LiftFund Inc. ("LiftFund" and collectively, "Defendants"), by and through their respective undersigned counsel, submit this Joint Motion to Dismiss Plaintiffs DigitalDesk, Inc.'s ("DigitalDesk") and R. Greg Gomm's (collectively, "Plaintiffs") Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Motion"), and would show this Court as follows:

## INTRODUCTION

For two reasons, Plaintiffs lack Article III standing to challenge the constitutionality of the Bexar County Small Business Assistance Program ("Program"):

(1) Plaintiffs were ineligible to participate in the program because they did not submit filed business tax returns for 2020, an explicit requirement of the Program. Because they were ineligible to receive a grant, they did not suffer any cognizable injury necessary to establish standing.

(2) Plaintiffs have no standing to seek injunctive or declaratory relief because the Program has ended, and thus Plaintiffs are suffering no ongoing harm and there is no immediate threat of future harm. Injunctive or declaratory relief would not redress any injury they allegedly suffered because of the past administration of the Program.

Plaintiffs lack standing, this Court lacks subject-matter jurisdiction, and this case should be dismissed.

## BACKGROUND

As part of the recovery from the pandemic, Bexar County received Coronavirus State and Local Fiscal Recovery Funds Funding from the federal government, pursuant to the American Rescue Plan Act. Bexar County contracted with LiftFund to administer the Program. (Declaration of Liliane Spenle in Support of Defendants' Motion to Dismiss ("Spenle Decl."), ¶ 3.)

The Program funds were allocated to support the immediate pandemic response, bring back jobs, and lay the groundwork for a strong and equitable recovery in areas of Bexar County affected by Covid-19. The Program was a one-time response to the pandemic. All available funds in the Program have been distributed, and the Program is now over. (*Id.*; Doc. 1–5.)

Plaintiff DigitalDesk was one of the applicants to the Program. Contrary to Plaintiffs' allegations, Doc. 1 ¶ 16, DigitalDesk did not submit a complete application demonstrating eligibility for a grant under the Program. Specifically, DigitalDesk did not submit a filed tax return for the year 2020. (Spenle Decl., ¶ 6.) As LiftFund's Grant Programs and Operations Manager Liliane Spenle observed, the forms submitted by DigitalDesk for 2020 and 2021 use a font type that is inconsistent with an Internal Revenue Service ("IRS") form. (*Id.*) Moreover, they do not have tax preparer information, whereas the 2019 form does. (*Id.*) Ms. Spenle also noticed that the form submitted for 2020 contains two inconsistencies that suggest that it was not filed with the IRS:

- Line 11, total income, is shown as $0, when it should show the total from Lines 3 through 10.
- The deduction section is internally inconsistent. The total deductions line (line 27) asks the filer to add lines 12 through 26. But when lines 12 through 26 are added together, the result is $522,821, not $489,162, as written on the form.

(*Id.* ¶ 8.) Moreover, there are additional deficiencies, such as no box being checked for Line E, the cost of goods sold (Line 2) being $0—an implausible figure—and Line 29 being blank, despite there apparently being a net operating loss to carry forward from 2019. (*Id.* at Ex. 1.)

Businesses that did not submit filed tax returns for 2020 were not eligible for a grant under the terms of the Program. The list of required documents on the Program's website includes the following:

> - 2019, 2020, and 2021 business tax returns. Acceptable return formats are Schedule Cs, 1120, 1120S and 1065. If 2021 business return has not been filed, other documents, such as a profit and loss statement may be requested. Applicants without a *filed* business tax return for 2019 and 2020 are not eligible.

(Doc. 1-2, at 3.) Regardless of DigitalDesk's priority score under the methodology used by the Program, therefore, DigitalDesk was not eligible to receive a grant.

## LEGAL STANDARD

It is a fundamental principle of our constitutional order that federal courts are courts of limited jurisdiction. Federal courts cannot issue advisory opinions, and can only adjudicate live cases or controversies. U.S. CONST. art. III, § 2, cl. 1; *see also* *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023). Among the threshold jurisdictional questions a federal court must answer is whether plaintiffs have established Article III standing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 799–800 (5th Cir. 2012). A federal court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of

establishing federal jurisdiction rests on the party seeking the federal forum." *Williams v. Hegar*, No. SA-22-cv-256, 2022 WL 2873464, at *2 (W.D. Tex. July 21, 2022) (Pulliam, J.) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 185 (2000).

To meet the "irreducible constitutional minimum" for Article III standing, plaintiffs bear the burden of showing that they have (1) suffered an injury-in-fact (2) that is traceable to the challenged conduct of the defendants and (3) that is likely to be redressed by the requested relief. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998).

While a facial attack on standing is treated much like a motion to dismiss under Rule 12(b)(6), "[i]f a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. . . . [A] plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord* *Willoughby v. U.S. ex rel U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (noting that "plaintiffs, as the parties asserting federal subject-matter jurisdiction, bear the burden of proving that its requirements are met").

## ARGUMENT

This Court lacks subject-matter jurisdiction over all of the claims in this case. Plaintiffs were ineligible to participate in the Program and therefore have not suffered an injury in fact, so

they lack standing to seek any of their requested relief. Additionally, Plaintiffs cannot seek declaratory or injunctive relief because those remedies are not available for past wrongs and would do nothing to redress any alleged injury. Plaintiffs' complaint should be dismissed.

**I. Plaintiffs Lack Standing Because They Were Ineligible To Receive A Grant.**

Plaintiffs argue that the Court should award them damages because they were denied a grant from the Program on the basis of race and gender. But Plaintiffs were ineligible to participate in the Program to begin with because they did not provide DigitalDesk's filed 2020 business tax return with their application.

To satisfy the injury requirement, a plaintiff challenging the constitutionality of a government program must show that they are "able and ready" to participate in the program, and that a discriminatory policy prevents them from doing so on an equal basis. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993); *see also Gegenheimer v. Stevenson*, No. 1:16-cv-1270, 2017 WL 2880867, at *3 (W.D. Tex. July 5, 2017).

Plaintiffs have not suffered an injury because they are not eligible to participate in the Program, and therefore are not "able and ready" to do so. The eligibility conditions of the Program are clear and are spelled out in the exhibit attached to Plaintiffs' Complaint. (Doc. 1–2, at 3.) Among the documents required to be submitted with the application are business tax returns for 2019, 2020, and 2021. *Id.* Although substitute documents are acceptable for tax year 2021, "[a]pplicants without a *filed* business tax return for 2019 and 2020 are not eligible." *Id.* (emphasis in original). Because Plaintiffs' application did not include a *filed* return for 2020, DigitalDesk was not eligible to receive a grant under the Program.[1] (Spenle Decl., ¶ 5, Ex. 1.)

[1] DigitalDesk also did not submit a filed tax return for 2021, but that does not necessarily violate the eligibility requirements, as the Program allowed for the submission of other financial documents if a 2021 return had not yet been filed. (Doc. 1–2 at 3.)

For several reasons, it is apparent that the forms submitted by DigitalDesk for 2020 and 2021 are not filed returns. They use a font type that is inconsistent with an IRS form. (*Id.*) They also do not have tax preparer information, whereas the 2019 form does. (*Id.*) The 2020 form contains additional conspicuous inconsistencies that indicate it was not filed with the IRS:

- No box is checked for Line E at the top of the form.
- Cost of goods sold (Line 2) is shown as $0, which is not a plausible figure.
- Line 11, total income, is shown as $0, when it should show the total from Lines 3 through 10.
- The deduction section is internally inconsistent. The total deductions line (line 27) asks the filer to add lines 12 through 26. But when lines 12 through 26 are added together, the result is $522,821, not $489,162, as written on the form.
- Line 29 is left blank despite there apparently being a net operating loss to carry forward from 2019.

(*Id.* ¶ 8 and Ex. 1.) For all of the above reasons, the form submitted was not acceptable to satisfy the Program's eligibility requirement of submitting a filed business tax return for 2020.

Because Plaintiffs were not eligible for the Program, Plaintiffs have not suffered an injury in fact, and therefore lack standing. *See* *Ne. Fla.*, 508 U.S. at 666; *Carroll v. Nakatani*, 342 F.3d 934, 942 (9th Cir. 2003) ("Submission of a symbolic, incomplete application demonstrates neither readiness nor ability to compete for an [Office of Hawaiian Affairs] small business loan."); *SRS Techs. Inc. v. Dep't of Def.*, No. 96-1484, 1997 WL 225979, at *1 (4th Cir. May 6, 1997) (plaintiffs did not have standing to challenge a race-conscious program where the company was ineligible to participate for race-neutral reasons); *Dunnet Bay Constr. Co. v. Borggren*, 799 F.3d 676, 693 (7th Cir. 2015) (finding no standing based on allegation that Plaintiff was merely "forced to participate

in a discriminatory scheme" when company was ineligible to participate in the challenged program).

## II. Plaintiffs Lack Standing To Request Prospective Relief Because The Program Has Ended.

Plaintiffs also argue that the Court should declare the Program unconstitutional and enjoin the Defendants from "violating Plaintiffs' equal-protection rights." (Doc. 1, at 11.) But the Program is over, as all grant funds have been distributed. (Spenle Decl., ¶ 3; *see also* https://bexarcountygrants.com/small-business-assistance-program/ (under "Program Timeline").) There are no future plans for another similar grant program, as the Program was a one-time response to the COVID-19 pandemic. (Spenle Decl., ¶ 3.) Plaintiffs are not suffering any continuing harm, and there is no substantial likelihood that Plaintiffs will suffer any injury in the future. Plaintiffs' claims for declaratory and injunctive relief should therefore be dismissed for lack of standing.

To satisfy the redressability requirement of establishing standing, Plaintiffs must demonstrate that their injury is "likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Courts must determine, in essence, whether there is an appropriate fit between the injury suffered and the remedy requested. Equitable relief like a declaratory judgment or an injunction is only available where there is ongoing harm or an immediate threat of future harm.

The Supreme Court reiterated this requirement in *City of Los Angeles v. Lyons*. 461 U.S. 95 (1983). In that case, the court held that a plaintiff who had been illegally choked by police did not have standing to seek an injunction because he had not shown that he "faced a real and immediate threat of again being illegally choked." *Id.* at 110. Although the plaintiff had standing

to sue for damages, he could not seek prospective relief because he could not demonstrate that he would have his constitutional rights violated in the future.

The Fifth Circuit has repeatedly relied on this concept when evaluating a plaintiff's standing to seek a declaratory judgment. *See, e.g.*, *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003) ("In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.") (citing *Lyons*, 461 U.S. 95); *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) ("[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury."); *Haggard v. Bank of the Ozarks, Inc.*, 547 F. App'x 616, 620 (5th Cir. 2013) ("[Plaintiff]'s claim for declaratory relief is moot. A claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not to proclaim liability for a past act."). The case law is clear: courts are not empowered to grant declaratory judgments where all of the alleged harm occurred in the past.

As with declaratory judgments, so too with injunctions. The only circumstance where a plaintiff can obtain an injunction for past harms is if there is a real or immediate threat of injury in the future:

> The Supreme Court has explained that to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of immediate injury in the future; past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects.

*Burks v. Price*, No. 6:13-cv-746, 2015 WL 3622684, at *11 (E.D. Tex. June 10, 2015) (citing *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992)); *see also* *Lyons*, 461 U.S. at 102 ("Although it was claimed in [*O'Shea v. Littleton*, 414 U.S. 488 (1974)] that particular

members of the plaintiff class had actually suffered from the alleged unconstitutional practices, we observed that '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

There is no dispute that all of the challenged conduct is in the past. The Program has ended. (Spenle Decl., ¶ 3.) It is not an annual or recurring program, but was rather a one-time program intended to assist small businesses who suffered losses caused by the Covid-19 pandemic. (*Id.*) The Complaint does not allege that the Defendants are continuing to discriminate against the Plaintiffs, and does not dispute that the Program has ended. **Neither a declaratory judgment nor an injunction would do anything to redress the alleged injury.** The complained-of conduct is completely in the past, and there is therefore no need for—nor indeed any possibility of—prospective relief.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss this case for lack of subject-matter jurisdiction.

Dated: September 15, 2023

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.
State Bar No. 00784441
neel.lane@nortonrosefulbright.com
Michael W. O'Donnell
State Bar No. 24002705
mike.odonnell@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

*Attorneys for Defendant LiftFund Inc.*

**GRAVES DOUGHERTY HEARON & MOODY P.C.**

*/s/ William Christian*

William Christian
State Bar No. 00793505
wchristian@gdhm.com
Marianne W. Nitsch
State Bar No. 24098182
mnitsch@gdhm.com
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5804

*Attorneys for Defendant Bexar County*

**CERTIFICATE OF SERVICE**

On September 15, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, which will effect service of the foregoing on the following via the CM/ECF system:

Fernando M. Bustos
State Bar No. 24001819
Bustos Law Firm, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79408
Telephone: (806) 780-3976
Facsimile: (806) 780-3800
Email: fbustos@bustoslawfirm.com

AND

Richard M. Esenberg
State Bar No. 1005622
Daniel P. Lennington
State Bar No. 1088694
Wisconsin Institute for Law & Liberty, Inc.
330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-9455
Email: rick@will-law.org
Email: dan@will-law.org

*Attorneys for Plaintiffs DigitalDesk, Inc. and R. Greg Gomm*

*/s/ Daniel McNeel Lane, Jr.*
Daniel McNeel Lane, Jr.