IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIGITALDESK, INC., R. GREG GOMM, | § | |
| *Plaintiffs*, | § | |
| | § | 5-23-CV-00886-JKP-RBF |
| vs. | § | |
| | § | |
| BEXAR COUNTY, TEXAS, BY AND | § | |
| THROUGH ITS AGENT THE BEXAR | § | |
| COUNTY DISTRICT ATTORNEY'S | § | |
| OFFICE; AND LIFTFUND INC., | § | |
| *Defendants*. | § | |

## ORDER IMPOSING STAY AND ADMINISTRATIVE CLOSURE

Before the Court is the status of this case, which the District Court referred pursuant to Western District of Texas Local Rule CV-72 and Appendix C. On November 29, 2023, the Court held an Initial Pretrial Conference in this case at which all parties appeared through counsel of record. Dkt. No. 24. As discussed on the record at the conference, the Court has determined in its discretion that this case should be stayed.

**IT IS THEREFORE ORDERED THAT** all proceedings in this case are **STAYED** pending further order of the Court. Moreover, given the anticipated length of the stay, the Court concludes that this case is appropriate for administrative closure. *See CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006); *Mire v. Full Spectrum Lending, Inc*., 389 F.3d 163, 167 (5th Cir. 2004) (explaining how courts use this device to remove inactive cases from their pending dockets and "[t]he effect of an administrative closure is no different from a simple stay").

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket

of this Court and may be reopened upon request by any party or on the Court's own motion. *See Mire*, 389 F.3d at 167. In addition, the parties may file documents and motions in the case despite the administrative closure.

**IT IS SO ORDERED.**

SIGNED this 4th day of December, 2023.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE