**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DIGITALDESK, INC. AND R. GREG GOMM, | § § § | |
| Plaintiff(s), | § § | |
| v. | § § | Civil Action No. 5:23-CV-00886-JKP |
| BEXAR COUNTY, TEXAS AND LIFTFUND INC. | § § § | |
| Defendant(s). | § § | |

---

**DEFENDANTS BEXAR COUNTY, TEXAS' AND LIFTFUND INC.'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO LIFT STAY AND OPEN DISCOVERY FOR LIMITED PURPOSE**

---

Defendants Bexar County, Texas and LiftFund Inc., by and through their respective undersigned counsel, submit this Response to Plaintiffs' Opposed Motion to Lift Stay and Open Discovery for Limited Purpose (the "Motion"), and would show this Court as follows:

On Friday, December 8, 2023, Plaintiffs moved to lift a stay that this Court had entered only three days earlier. The stay was entered after a conference with the Court, and counsel for all parties had the opportunity to oppose the stay. At that time, all parties were in agreement that discovery might not be necessary—and even potentially a wasted effort—given that Defendants are challenging the Court's federal subject-matter jurisdiction. Nothing has changed since that court conference to justify disturbing the Court's order staying the case. Plaintiffs' Motion should therefore be denied.

Unless the Court decides that it needs additional facts to decide Defendants' Motion to Dismiss, conducting discovery now would amount to a guessing game about what facts the Court

might be interested in. Defendants have stated that they do not believe such additional factfinding is necessary. But at the very least, the parties should wait to conduct any discovery until the Court decides it is necessary and has the opportunity to give guidance to the parties regarding the scope of any discovery. Otherwise, the parties might spend significant resources discovering facts that turn out not to be germane to Defendants' Motion to Dismiss.

Defendants' Motion to Dismiss is premised on the contention that the Court lacks subject-matter jurisdiction over this case. As the Court has noted, "[a] federal court 'must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Williams v. Hegar*, No. SA-22-cv-256, 2022 WL 2873464, at *2 (W.D. Tex. July 21, 2022) (Pulliam, J.) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). If the Court ends up agreeing with Defendants, then the Court, by extension, also lacks jurisdiction to preside over discovery and enforce the parties' obligations under the Federal Rules of Civil Procedure. It would thus be improper to order discovery before Plaintiffs have met their burden, or at least before the Court determines discovery is necessary to confirm that it has jurisdiction.

As the parties stated in their Joint 26(f) Report: "If the motion to dismiss is not ruled on based on the evidence submitted, then discovery focused on the jurisdictional issue of standing may be needed." (Doc. 22 at 2.) Defendants remain committed to this approach, and if the Court decides that further factual development is necessary to decide the pending motion, Defendants will work with Plaintiffs on the scope of discovery appropriate to resolve those issues.

For the same reasons, Defendants oppose Plaintiffs' request for supplemental briefing on Defendants' Motion to Dismiss. (*See* Doc. 26 at 3.) All parties were given a full and fair opportunity to brief the issues each thought weighed in favor of their respective positions.

- 2 -

Supplemental briefing has not been requested by the Court and there is no indication the Court would find such briefing helpful. Absent some direction from the Court on what issues, if any, need further development, it would be inappropriate to allow further briefing on the Motion to Dismiss.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion and maintain the administrative stay of this case pending further order of the Court on the Defendants' Motion to Dismiss.

Dated: December 15, 2023

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.
State Bar No. 00784441
neel.lane@nortonrosefulbright.com
Michael W. O'Donnell
State Bar No. 24002705
mike.odonnell@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

*Attorneys for Defendant LiftFund Inc.*

**GRAVES DOUGHERTY HEARON & MOODY P.C.**

*/s/ William Christian*

William Christian
State Bar No. 00793505
wchristian@gdhm.com
Marianne W. Nitsch
State Bar No. 24098182
mnitsch@gdhm.com
401 Congress Avenue
Suite 2700
Austin, TX 78701
Telephone:     (512) 480-5600

*Attorneys for Defendant Bexar County*

## CERTIFICATE OF SERVICE

On December 15, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, which will effect service of the foregoing on the following via the CM/ECF system:

Fernando M. Bustos
State Bar No. 24001819
Bustos Law Firm, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79408
Telephone:  (806) 780-3976
Fax:  (806) 780-3800
Email:  fbustos@bustoslawfirm.com

AND

Richard M. Esenberg
State Bar No. 1005622
Daniel P. Lennington
State Bar No. 1088694
Wisconsin Institute for Law & Liberty, Inc.
330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Telephone:  (414) 727-9455
Fax:  (414) 727-9455
Email: rick@will-law.org
Email: dan@will-law.org

*Attorneys for Plaintiffs DigitalDesk, Inc. and*
*R. Greg Gomm*

*/s/ Daniel McNeel Lane, Jr.*
Daniel McNeel Lane, Jr.